IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS MARKS,

      Plaintiff,                    No. CIV S-07-0371 MCE GGH P

    vs.

CORRECTIONAL OFFICER TAPIA,
et al.,

      Defendants.              ORDER

_____/

        Plaintiff, a former state prisoner, is evidently detained in Tacoma, Washington by the Bureau of Immigration and Customs Enforcement (BICE). Although he purports to be within the jurisdiction of this court pursuant to 28 U.S.C. § 1332, among the many defects of this complaint, plaintiff has not made the requisite showing with respect to the amount in controversy. The court will construe his complaint as one brought pursuant to 42 U.S.C. § 1983. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

1

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

In Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), the Ninth Circuit made clear that it is not plaintiff's initial, affirmative burden to show that he is not barred, under 28 U.S.C. § 1915(g), from proceeding in an action in forma pauperis. On the other hand, "once a prisoner has been placed on notice of the potential disqualification under § 1915(g) by *either* the district court *or* the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." [Emphasis added.]

On February 14, 1994, plaintiff suffered a strike under the name of Wayne Ricky Elston Rudder, in Rudder v. Vargas & Associates, Case No. 94 CIV 67 (D.D.C.).[1] This court's case records also indicate that in Andrews v. Hafey, CIV S-01-2018 FCD JFM P, plaintiff's claim was dismissed as Heck-barred,[2] i.e., for failure to state a claim, on August 12, 2002, which was affirmed on appeal, on June 18, 2003. On March 11, 2003, in Andrews v. Carey, CIV S-02-2395 FCD DAD P, plaintiff's complaint was dismissed for failure to state a claim upon which relief can be granted, which judgment was affirmed on appeal on March 8, 2004. Under another name used by plaintiff, Antolin Patrick Wayne, in Wayne v. Supervisors of San Francisco County, et al., No. C 03-0799 MMC (PR), 2003 WL 926715 (N.D. Cal. Mar. 4, 2003),

---

[1] The court takes judicial notice of Andrews v. Grannis, CIV S-03-1785 EJG DAD P, wherein this strike is set forth. (Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)).

[2] A dismissal without prejudice, pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), constitutes a dismissal for failure to state a claim. See Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997)(dismissal for failure to state a claim where prisoner not able to state a cognizable claim under 42 U.S.C. § 1983, pursuant to Heck, supra).

"dismissed for failure to state a cognizable basis for relief," specifically, for failure to state an equal protection claim, on March 4, 2003.[3]

To the extent that plaintiff may claim that he was a civil detainee, not facing any criminal charge, when any of the prior actions were filed, the Ninth Circuit would not deem such actions strikes under § 1915(g); however, plaintiff bears the burden of establishing that he was held in such detention without a pending criminal charge when he filed the actions above which the court has identified as potential strikes. Andrews v. King, supra, at 1122. The court having identified four potential strikes, all of which were dismissed long before the filing of this action on February 23, 2007, the burden now shifts to plaintiff to demonstrate that at least two of these cases do not constitute strikes.

While there is an "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g), Canell v. Lightner, 143 F.3d 1210, 1212 (9th Cir. 1998), plaintiff's allegations, seeking money damages for alleged due process violations he suffered when certain of his personal property was damaged during transport, do not meet the exception on the face of it, as plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998). Therefore, plaintiff will be granted thirty days to demonstrate that he is entitled to in forma pauperis status by showing that the potential strikes identified above do not constitute three or more strikes under § 1915(g), or to pay the $350.00 filing fee.

Because plaintiff cannot yet proceed in this action, because he has neither paid the filing fee or been granted leave to proceed in forma pauperis, the court need not proceed to screen this complaint.

---

[3] This strike is also identified in Andrews v. Grannis, CIV S-03-1785 EJG DAD P.

3

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to re-designate this case as a prisoner pro se, rather than a pro se, case.

2. Plaintiff must demonstrate that at least two of the cases identified above as potential strikes are not strikes under § 1915(g) which could bar plaintiff from proceeding in forma pauperis, or pay the $350.00 filing fee in full, within thirty days;

DATED:   6/26/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
mark0371.bnf