IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS MARKS,

        Plaintiff,                      No. CIV S-07-0371 MCE GGH P

   vs.

CORRECTIONAL OFFICER TAPIA,
et al.,
        Defendants.            ORDER

_____/

        Plaintiff, a former state prisoner, is evidently detained in Tacoma, Washington by the Bureau of Immigration and Customs Enforcement (BICE). By Order, filed on June 26, 2007, this court directed plaintiff to demonstrate that at least two of the cases identified therein as potential strikes under 28 U.S.C. § 1915(g) were not strikes which could bar plaintiff from proceeding in forma pauperis, or to pay the $350 filing fee in full within 30 days.

        Plaintiff responded to the order claiming that he was not a "prisoner" within the meaning of § 1915(g), but is a civil detainee, citing Agyeman v. I.N.S., 296 F.3d 871, 896 (2002). Therein the Ninth Circuit held "that an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA." Plaintiff maintains, under penalty of perjury, that he is currently a civil detainee, not in custody on a criminal matter. The undersigned need not address plaintiff's remaining arguments but instead will find that plaintiff has submitted an

1

affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff claims to be proceeding in this action pursuant to 28 U.S.C. § 1332.  "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."  Matheson v. Progressive Specialty Ins. Co., 319

2

F.3d 1089, 1090 (9th Cir. 2003) (amount in controversy, where not facially evident, must be proved by a preponderance of the evidence to meet jurisdictional threshold); Lew v. Moss, 797 F.2d 747, 749 (1986) ("party asserting diversity jurisdiction bears the burden of proof.")

> The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed "in good faith." In deciding this question of good faith we have said that it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570 (1961).

> As with suits in diversity, we look no farther than the pleadings to determine the amount in controversy unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). If it "appear[s] to a legal certainty that the claim" cannot meet the statutory threshold, the suit should be dismissed for lack of jurisdiction. See Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir.2000); Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1069 (5th Cir.1984) (applying the legal certainty test to a Magnuson-Moss Warranty Act claim); see also Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 402 (3d Cir.2004) ("[F]ederal jurisdiction for a Magnuson-Moss Act claim does not exist unless the amount in controversy exceeds $50,000...."). Because the Kellys' claims fall into this category, the district court was correct in rejecting the federal claims.

Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1037-38 (9th Cir. 2004).

In this case, plaintiff sets forth the following "specific damages:" $66.00 for an amount taken as restitution; $650.00 for a typewriter; $150.00 for shipping costs; $476.00 minus $100.00 paid by Fed Ex and $197.00 deducted by Fed Ex from air freight costs minus $100.00 paid by UPS, which comes to $476 minus $397, which equals $59. Alternatively, even adding $476, with no deductions, means that the whole amount in issue would be $1,342. It is patently absurd that plaintiff seeks general damages in the amount of $100,000.00 based on the amount of pecuniary loss he claims to have sustained. It is evident on the face of it that plaintiff has no good faith basis for the general damages sought, and that plaintiff does not meet the requisite

jurisdictional $75,000.00 amount in controversy to sue in federal court under 28 U.S.C. § 1332.

Further, the gravamen of plaintiff's complaint is that he has been deprived of due process by the manner in which defendants Tapia and Smith shipped certain of his property to him. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation of, or damage to, his property was authorized; in fact, he claims that the manner by which defendants Tapia and Smith shipped his items of personal property from California State Prison -Solano to the detention facility in Tacoma, Washington, was plainly unauthorized. Plaintiff's allegations against defendants Tapia and Smith concerning the taking of his property do not state a cognizable claim for relief, and these defendants will be dismissed with thirty days' leave to amend.

As to defendant Associate Warden Brown, to the extent that plaintiff intends to proceed pursuant to 42 U.S.C. § 1983, he has failed to link this individual to any deprivation he may have suffered. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Moreover, supervisory personnel are generally not liable under § 1983 for the
2 actions of their employees under a theory of respondeat superior and, therefore, when a named
3 defendant holds a supervisorial position, the causal link between him and the claimed
4 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
5 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8 Cir. 1982).  This defendant will be dismissed but plaintiff will be granted leave to amend within
9 thirty days.

10    Finally, the court takes judicial notice of Andrews v. Guzman, CIV S-04-1107
11 DFL GGH P.  In that case, plaintiff brought virtually identical claims regarding the manner by
12 which defendants Tapia and Smith shipped plaintiff's five boxes of property to him, requiring
13 him to pay for shipment, rather than allowing the property to accompany him when he was
14 transferred from CSP-Solano into the custody of BICE in Washington.  While Case No. 04-1107
15 is still pending against defendants Tapia and Smith, his due process claims regarding the
16 mishandling of his personal property were dismissed.  See Order, filed on November 29, 2006, in
17 Andrews v. Guzman, CIV S-04-1107 DFL GGH P.  Although the order states that the due
18 process claim is dismissed without prejudice, plaintiff does not demonstrate how or why he could
19 not have brought any claim raised in the instant action in the preceding case; nor does he
20 demonstrate how any due process claim herein is in any way more meritorious than that
21 dismissed in the preceding action.

22    "Claim preclusion bars the assertion of any theory of recovery that could have
23 been asserted in the first action."  Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir.
24 1992).  Such preclusion bars any ground for relief that could have been litigated in a prior suit
25 between the same parties on the same cause of action.  C.D. Anderson & Co. v. Lemos, 832 F.2d
26 1097, 1100 (9th Cir. 1987); McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986);

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct not alleged in the prior action, by pleading a new legal theory, or by seeking a different remedy for violation of the same primary right. McClain, 793 F.2d at 1034. Cf. Hiser, 94 F.3d at 1291 (the prisoner's claims were not precluded because they did not accrue until two years after the settlement agreement that concluded a prior class action). Claim preclusion applies where a § 1983 action implicates the same "primary rights" as those raised in a prior proceeding. Clark, 785 F.2d at 786. The focus is on the legal harm for which the plaintiff seeks redress in his second action. McClain, 793 F.2d at 1034.

The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve the same cause of action:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
> (2) whether substantially the same evidence is presented in the two actions;
> (3) whether the two suits involve infringement of the same right; and
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co., 832 F.2d at 1100; Costantini, 681 F.2d at 1201-02; Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980) (per curiam). The fourth of these factors has been cited by some courts as the most important. See C.D. Anderson & Co., 832 F.2d at 1100; Costantini, 681 F.2d at 1202. However, "[n]o single criterion can decide every res judicata question; identity of causes of action 'cannot be determined precisely by mechanistic application of a simple test.'" Costantini, 681 F.2d at 1202 n.7 (quoting Abramson v. Univ. of Haw., 594 F.2d 202, 206 (9th Cir. 1979)). "'The crucial element underlying all of the standards is the factual predicate of the several claims asserted. For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action.'" Harris, 621 F.2d at 343 (quoting Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1234 (2d Cir. 1977)). It is not clear why plaintiff, to the extent he did not, could not have included any claims herein in the prior action that are included in this largely duplicative complaint. This complaint will be dismissed with leave to amend within thirty days.

6

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
4    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
5    there is some affirmative link or connection between a defendant's actions and the claimed
6    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7    1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
8    allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
9    of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10   In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
12   amended complaint be complete in itself without reference to any prior pleading.  This is
13   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
14   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
15   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
16   original complaint, each claim and the involvement of each defendant must be sufficiently
17   alleged.

18   In accordance with the above, IT IS HEREBY ORDERED that:

19   1.  Plaintiff's request to proceed in forma pauperis is granted.

20   2.  The complaint is dismissed for the reasons discussed above, with leave to file
21   an amended complaint within thirty days from the date of service of this order.  Failure to file an
22   amended complaint will result in a recommendation that the action be dismissed.

23   DATED:  9/25/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
mark0371.b