IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS MARKS,

        Plaintiff,                       No. CIV S-07-0371 MCE GGH P

    vs.

CORRECTIONAL OFFICER TAPIA,
et al.,
        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a former state prisoner, has been detained in Tacoma, Washington by the Bureau of Immigration and Customs Enforcement (BICE), pending deportation. By Order, filed on September 25, 2007, this court dismissed plaintiff's complaint with leave to file an amended complaint within thirty days. Thereafter, the court granted plaintiff an extension of time to file an amended complaint. See Order, filed on 10/31/07.

        Plaintiff has been previously informed of the standard for dismissal of a complaint. See Order, filed on 9/25/07 (# 6), p. 2. The court's review of the amended complaint, filed on 11/20/07 (# 9), reveals that plaintiff has substantially failed to cure the defects set forth in the Order, filed 9/25/07.

        For example, plaintiff, who has purported to be proceeding pursuant to 28 U.S.C. § 1332, has not come close to meeting the threshold requirement of an amount in controversy in

excess of $75,000.00. Id. at 2-4. Nor does plaintiff demonstrate in the amended complaint that his claims are not duplicative of the virtually identical claims set forth in the still pending case of Andrews v. Guzman, CIV S-04-1107 RRB GGH P, of which the court takes judicial notice.[1] Id. at 5-6. Because plaintiff has failed to adequately address and cure the defects identified in the prior order, filed on 9/25/07, the court will now recommend dismissal of this action.

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly IT IS RECOMMENDED that this action be dismissed with prejudice.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, plaintiff may file written
4   objections with the court.  Plaintiff is advised that failure to file objections within the specified
5   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
6   (9th Cir. 1991).

DATED: 04/28/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
mark0371.fr